IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANDRA RODMAN and | : | |
| WILLIAM RODMAN, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | No. 14-cv-02128 |
| v. | : | |
| | : | |
| WALMART STORES, INC., | : | |
| Defendant. | : | |

**MCHUGH, J.**                                                                                             **DECEMBER 8, 2014**

**MEMORANDUM AND ORDER**

The Pennsylvania Supreme Court "has embraced the guideline of Section 908(2) of the Restatement (Second) of Torts regarding the imposition of punitive damages: 'Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.'" Feld v. Merriam, 506 Pa. 383, 395, 485 A.2d 742, 747 (1984). The "state of mind of the actor" is extremely important to this inquiry because the action, or lack of action, "must be intentional, reckless or malicious." Id. at 396, 485 A.2d at 748. Punitive damages require conduct that goes beyond negligence or even gross negligence. Martin v. Johns-Manville Corp., 508 Pa. 154, 169-73, 494 A.2d 1088, 1096-98 (1985) (abrogated by Kirkbride v. Lisbon Contractors, Inc., 521 Pa. 97, 555 A.2d 800 (1989), on other grounds); see SHV Coal, Inc. v. Cont'l Grain Co., 526 Pa. 489, 495, 587 A.2d 702, 705 (1991) (Punitive "damages are not justified where the defendant's mental state rises to no more than gross negligence."). "[A]n appreciation of the risk is a necessary element of the mental state required for the imposition of such damages." Hutchison v. Luddy, 582 Pa. 114, 123-24, 870 A.2d 766, 771-72 (2005).

Plaintiffs here have failed to plead any conduct by the Defendant that could be construed as outrageous. Plaintiffs have asserted that Walmart was aware of the puddle prior to the injury of Mrs. Rodman, took no steps to warn her of the hazard or to remedy the condition, and specifically directed her to that area of the store. This conduct, as pleaded, may certainly give rise to negligence, and the directing of Mrs. Rodman to the area in which the puddle existed could conceivably constitute gross negligence. However, Plaintiffs have not pleaded that Walmart knew of the puddle when Mrs. Rodman was directed by the customer service desk to the area, and have not given any indication of how far in advance of her fall that Walmart discovered the existence of the puddle. There are certainly no facts alleged that support the notion that Walmart acted intentionally, recklessly, or maliciously. "Punitive damages may not be awarded for misconduct which constitutes ordinary negligence such as inadvertence, mistake and errors in judgment." McDaniel v. Merck, Sharp & Dohme, 367 Pa. Super. 600, 533 A.2d 436, 447 (1987). Nothing Plaintiffs have pleaded indicates that Walmart's conduct rises above a mistake or error in judgment. The punitive damages claim will therefore be dismissed but without prejudice and may be reinstated later upon a showing that evidence exists to support their award.

Plaintiffs also assert that a Walmart employee made eye-contact with Mrs. Rodman while she lay on the floor in obvious pain after her fall, but ignored her. However, even if this conduct might fall within the label of outrageous, Plaintiffs do not plead that this conduct caused, contributed to, or exacerbated the injury in any way. "[A] claim for punitive damages arises out of the underlying cause of action and, therefore, absent a viable cause of action, an independent claim for damages cannot stand." Costa v. Roxborough Mem'l Hosp., 708 A.2d 490, 497 (Pa. Super. Ct. 1998) (citing Kirkbride, 521 Pa. at 101, 555 A.2d at 802). As a consequence, where

2

certain conduct does not factor into the underlying claim for compensatory damages, it will not factor into the determination of liability for punitive damages.

In light of the above, Defendant's Partial Motion to Dismiss Amended Complaint's Demand for Punitive Damages is **GRANTED**, and the Plaintiff's prayer for punitive damages will be dismissed without prejudice.

/s/ Gerald Austin McHugh<br>United States District Court Judge